IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADVOCACY TRUST LLC, as SPECIAL ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF DANIEL GARCIA JR., | : : : : : | Civil Action |
| Plaintiff, | : : | No. 2:25-CV-03363 |
| v. | : : : | |
| FEDERAL EXPRESS CORPORATION AND JOHN DOE MAINTENANCE COMPANY, | : : : : : | |
| Defendants. | : : | |

**MEMORANDUM**

**Younge, J.**                                                                                                   **September 26, 2025**

**I.      Introduction**

Currently before this Court is Plaintiff's Motion to Remand, ECF No. 14, Defendant Federal Express Corporation's Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer for Convenience, ECF No. 7, and the responses thereto, ECF Nos. 11, 12, 15.[1] For the reasons set forth in this Memorandum, Plaintiff's Motion to Remand is denied, Defendant Federal Express Corporation's Motion to Dismiss is denied, and Defendant Federal Express Corporation's Motion to Transfer is granted.[2]

**II.     Factual Background**

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

[2] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).

The following facts are presented as pled in Plaintiff's Complaint, ECF No. 1-7. Plaintiff, Advocacy Trust LLC ("Advocacy Trust") is a Tennessee limited liability company that was appointed the Special Administrator and Personal Representative of the Estate of Daniel Garcia, Jr. This action arises from the June 9, 2023, death of Mr. Garcia, who was involved in a motor vehicle accident while operating a box van in Gentry, Arkansas. The box van was allegedly owned, leased, and/or assigned to the entity now known as Federal Express Corporation ("FedEx"), the successor company to FedEx Ground Package System, Inc. ("FedEx Ground"). Plaintiff alleges that a mechanical brake failure caused the van to turn over, pinning Mr. Garcia beneath it, resulting in his death. Plaintiff holds as responsible FedEx and John Doe Maintenance Company—an unidentified, fictitiously named entity—for exhibiting conscious disregard for the health and safety of the motoring public and its drivers by allowing unsafe vehicles to be placed on public roads.

### III.   Procedural History

On June 9, 2025, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County against FedEx and John Doe Maintenance Company. ECF No. 1-7. Count I alleges wrongful death; Count II alleges a survival action; Counts III and IV allege negligence/recklessness in ensuring the safety of the van; and Count V alleges negligence/recklessness in the hiring and supervision of John Doe Maintenance Company. *Id.* Defendant FedEx filed a Notice of Removal on July 1, 2025, pursuant to 28 U.S.C. §1441(b) and §1446(b)(3) removing the case to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction. ECF No. 1. Defendant FedEx then proceeded to file a Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer for Convenience. ECF No. 7. On July 31, 2025, Plaintiff filed a Motion to Remand. ECF No. 14.

## IV. Plaintiff's Motion to Remand

Plaintiff appears to make two arguments for remand. First, it argues that the case lacks complete diversity because John Doe Maintenance Company, which has not yet been identified, might be a resident of Pennsylvania. ECF No. 14-1. Second, it argues that Defendant FedEx is a Pennsylvania citizen and thus, under the forum defendant rule found in 28 U.S.C. §1441(b)(2), Defendant FedEx cannot remove a case in Pennsylvania based on diversity. *Id.* The Court rejects both arguments, concluding that Defendant FedEx's removal of this case to federal court satisfies both the forum defendant rule and the complete diversity requirement. Additionally, the Court rejects Plaintiff's request for jurisdictional discovery.

### A.     Legal Framework

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." One way in which a district court may have original jurisdiction is through the diversity statute, 28 U.S.C. 1332. Pursuant to this statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. The complete diversity rule clarifies that in cases with more than two parties, diversity jurisdiction is not available when any party on one side of the litigation is a citizen of the same state as any party on the opposite side of the litigation. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). An exception to the rule permitting removal based on diversity of citizenship is the forum defendant rule, which provides that a case cannot be removed to federal court on the basis of diversity if any defendant is a citizen of the State where the action was originally brought. 28 U.S.C. §1441(b)(2).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations omitted).

### B.     Discussion

#### 1.     The Relevance of a Fictitious Entity on Removal

When the Court considers a motion to remand based upon a lack of complete diversity, the unknown citizenship of an unidentified, fictitiously named entity cannot be utilized to destroy complete diversity. The 1988 amendment to the removal statute makes it clear that a Plaintiff cannot sue a fictitiously named defendant to prevent a named Defendant from removing a case to federal court on the basis of diversity: "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(b)(1); *see Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002) (fictitiously named defendants must be disregarded for the purposes of removal); *Hennix v. Belfor USA Group, Inc.*, No. CV 22-1473-KSM, 2022 WL 3691020, at *2 (E.D. Pa. Aug. 25, 2022) (declining to consider the citizenship of fictitiously named defendants in determining whether a case was appropriately removed).

Here, John Doe Maintenance Company is a fictitiously named defendant. Plaintiff has speculated that there exists a maintenance company that was responsible for inspecting, repairing and maintaining the FedEx van involved in the death of the decedent. ECF No. 14 at 4. However, Plaintiff readily acknowledges they do not know the identity of this maintenance company and has substituted the fictitious entity, John Doe Maintenance Company, as a placeholder. *Id.* at 5. Thus, the citizenship of John Doe Maintenance Company is irrelevant to the determination of whether complete diversity exists on a motion to remand.

Plaintiff rests its argument to the contrary on a single district court case, *Frisof v. Swift Transp. Co.*, No. 3:07-CV-2331, 2008 WL 2550767 (M.D. Pa. 2008). However, *Frisof* is inapt because it does not concern a motion to remand and because it relies on an Eighth Circuit opinion that predates 1988 amendment to the removal statute. *Frisof*, WL 2550767, at *1.

### 2. The Forum Defendant Rule

Defendant FedEx is not a citizen of Pennsylvania, and thus the forum defendant rule does not apply. Pursuant to 28 U.S.C. § 1441(b)(2), a defendant cannot remove a case to federal court based on diversity when any defendant is a citizen of the state in which the action is brought. 28 U.S.C. §1441(b)(2). "[W]hether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995) (citing *Smith v. Sperling*, 354 U.S. 91, 93 (1957)). A corporation is deemed to be a citizen of (1) the state where it has been incorporated and (2) the state where it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," i.e. "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 80–81 (2010). This is typically a corporation's headquarters. *Id.* at 81. Consequently, *Hertz* prohibits courts from weighing a corporation's business activities and locales to determine which appears to be most important. *See Hertz*, 559 U.S. at 95. "[T]he nerve center analysis is not case-specific: A corporation has one nerve center for all cases." *Gentry v. Sikorsky Aircraft Corporation*, 383 F. Supp. 3d 442 (E.D.Pa. 2019) (citing *Hertz*, 558 U.S. at 93.). When two or more corporations merge, the citizenship of "the surviving entity is controlling [] [and] the citizenship of the predecessor company becomes irrelevant." 13F Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3623 (3d ed.) (citing cases).

Here, Defendant FedEx is incorporated in Delaware and maintains its principal place of business in Tennessee. Regarding state of incorporation, it is undisputed that FedEx is incorporated in Delaware. *See* ECF No. 15 at 2. Regarding principal place of business, as of the time Plaintiff filed its complaint on June 9, 2025, FedEx's high-level officers and directors direct, control, and coordinate the corporation's activities from its headquarters in Memphis, Tennessee. *See* ECF No. 15 at 5. Other courts have found the same. *See, e.g., Langevin v. Fed. Exp. Corp.*, No. CV 14-08105 MMM FFMX, 2015 WL 1006367, at *5 (C.D. Cal. Mar. 6, 2015); *Edgars Delivery, LLC v. FedEx Ground Package Sys., Inc.*, No. 5:24-CV-6398, 2025 WL 1139544, at *1 (E.D. Pa. Apr. 17, 2025). Thus, the forum defendant rule, which pertains only when a defendant has citizenship in the state where the action was brought, is inapplicable.[3] *See* 28 U.S.C. § 1441(b)(2).

Plaintiff's only argument to the contrary is based on the business address of a corporation that had merged into FedEx by the time the Complaint was filed. The accident that forms the basis of Plaintiff's Complaint occurred on June 9, 2023. At that time, FedEx had a subsidiary, FedEx Ground. Plaintiff alleges that this subsidiary is responsible for the conduct alleged in its Complaint and that this subsidiary maintained its principal place of business in Pennsylvania. ECF No. 14-1 at 5. However, on June 1, 2024, over one year before Plaintiff filed its Complaint, FedEx Ground merged with FedEx. ECF No. 15 at 2. Thus, pursuant to the rule that that the citizenship of pre-merger entities are irrelevant for the purposes of establishing diversity and removal jurisdiction, the Court must disregard the citizenship of FedEx Ground. Plaintiff contends that FedEx still lists its former subsidiary's Pennsylvania address on the SAFER website and that corporate activities

---

[3] As previously discussed, the citizenship of fictitiously named defendants must be disregarded when determining whether an action is removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Thus, John Doe Maintenance Company cannot prevent removal under the forum defendant rule any more so than it can under the complete diversity rule.

related to FedEx's fleet of power units are conducted in Pennsylvania. ECF No. 14-1 at 5–6. But *Hertz* is clear that where a corporation conducts even significant business activity is not determinative of a corporation's nerve center, which is instead the single headquarters from which these activities are controlled. *Hertz*, 559 U.S. at 92–95.

### 3.     Request for Jurisdictional Discovery

Plaintiff argues that the Court should grant it limited jurisdictional discovery to determine the identity and citizenship of John Doe Maintenance Company so that it may be determined conclusively whether complete diversity exists in this case. The Court rejects this request for two reasons. First, as previously elaborated upon, 28 U.S.C. § 1441(b)(1) requires the Court to "disregard" fictitiously named defendants in determining whether an action is removable on the basis of diversity. Therefore, such discovery efforts would irrelevant.  Second, in the Third Circuit, jurisdictional discovery is only appropriate when a plaintiff "presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (cleaned up). Here, Plaintiff presents no factual allegations suggesting that John Doe Maintenance Company has any relationship to the state of Pennsylvania. Thus, jurisdictional discovery is not appropriate.

### V.     Defendant FedEx's Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer

Defendant FedEx argues that venue in the Eastern District of Pennsylvania is improper and thus that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). In the alternative, Defendant FedEx argues that even if venue is proper in the Eastern District of Pennsylvania, the case should be transferred to the Western District of Arkansas pursuant to § 1404(a). The Court concludes that venue is proper in the Eastern District

of Pennsylvania but that under the standard set forth by § 1404(a), transfer to the Western District of Arkansas is nevertheless appropriate.

### A. Motion to Dismiss

#### 1. Legal Framework

Pursuant to Federal Rule of Civil Procedure 12(b)(3) a defendant may assert as a defense that the plaintiff has brought its case in an improper venue. Fed. R. Civ. P. 12(b)(3). When deciding a Rule 12(b)(3) motion based on improper venue, a court must accept as true the allegations in the complaint, although the parties may submit affidavits to support their positions. *Leone v. Cataldo*, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008). The defendant bears the burden of showing improper venue. *Myers v. Am. Dental Ass'n,* 695 F.2d 716, 724–25 (3d Cir.1982). If the Court grants a Rule 12(b)(3) motion based on improper venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

#### 2. Discussion

Defendant FedEx's argument for dismissal fails because venue is proper in the Eastern District of Pennsylvania. Under 28 U.S.C. § 1441(a), venue is proper in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, Defendant FedEx's argument that venue is improper under § 1391 is misplaced because venue is automatically proper in a federal court that a case was properly removed to. *See* 14C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3732 (4th ed.) ("[T]he general venue statutes, Section 1391 through Section 1393, do not apply to cases that have been initiated in a state court and removed to federal court . . . It therefore is immaterial that the federal court to which the action is removed would not have been a proper venue if the

action originally had been brought there."); *see also PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 72 (2d Cir. 1998) ("[A] party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought, but one may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there. A party may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision." (citing *Polizzi v. Cowles Magazines Inc.*, 345 U.S. 663, 665–66 (1953) (internal citations omitted))). Here, as previously elaborated upon, the case was properly removed to federal court, *see supra* Part IV, and the Eastern District of Pennsylvania is the district embracing Philadelphia County, where the action was initiated. It follows that under § 1441(a) venue is proper in the Eastern District of Pennsylvania. Therefore, the Motion to Dismiss is denied.

  **B.** **Motion to Transfer**

    **1.** **Legal Framework**

Pursuant to § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden of establishing the need for transfer rests with the defendant, and "plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). That said, the district court is vested with "wide discretion" in deciding whether transfer is warranted. *Plum Tree, Inc. v. Stockment*, 488

F.2d 754, 756 (3d Cir. 1973). The Court concludes that Defendant FedEx has narrowly overcome its burden to show that transfer under § 1404(a) is appropriate.[4]

### 2. Discussion

In the Third Circuit, deciding a § 1404(a) motion to transfer venue requires a two-step inquiry. *In re Amkor Tech., Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 93931, *5 (E.D. Pa. 2006) (citing *Jumara*, 55 F.3d at 879). First, the Court must decide whether venue would be proper in the proposed transferee district. *Id.* Second, the court must evaluate an array of private and public interest factors. *Id.* These factors go beyond the three enumerated in § 1404(a) (convenience of parties, convenience of witnesses, and interests of justice) and encompass all considerations relevant to the determination of whether "on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3847 (2d ed.)).

### a.  Propriety of Venue in the Western District of Arkansas

Plaintiff does not appear to dispute that this action could have been brought in the Western District of Arkansas, even though that is not its preference. *See* ECF No. 11 at 6. Indeed, as the site of the crash, the Western District of Arkansas is a proper venue under 28 U.S.C. § 1391(a)(2), which makes venue proper in a district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).

---

[4] Throughout their submissions, Defendant FedEx erroneously applies the case law of the common law doctrine of forum non conveniens to what is at issue in this case, which is a statutory determination of a motion to transfer under 28 U.S.C. § 1404(a). "Although forum non conveniens analysis informs the interpretation of the statutory transfer provision, the two are not equivalent and should not be confused." 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3828 (4th ed.)). Nevertheless, the arguments made by Defendant FedEx ultimately apply to the § 1404(a) context.

### b. Private and Public Interest Factors

The private interest factors the Court should consider include: (1) the plaintiff's forum preference, as manifested in its original choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, to the extent that witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records, to the extent the files cannot be produced in the alternative forum. *Jumara*, 55 F.3d at 879. The public interest factors the Court should consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two for a resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80.

The Court is limited in its analysis by both parties' threadbare application of these factors. Nevertheless, the following arguments can be distilled. Defendant FedEx contends that plaintiff's choice of forum is entitled to less deference when, as here, the plaintiff is not at home in the forum. ECF No. 12 at 8. Additionally, Defendant FedEx avers that the facts giving rise to Plaintiff's lawsuit arose in Arkansas and that Plaintiff's medical records, key witnesses (including first responders, police officers, and witnesses to the accident), and key physical evidence (including the vehicle which Plaintiff alleges was defective), are all located in Arkansas. *Id.*; ECF No. 7 at 21–22. Finally, Defendant FedEx argues that Arkansas has the greater interest in having a crash that occurred within its borders resolved within the State. ECF No. 7 at 22.

Plaintiff counters that although the crash itself occurred in Arkansas, Plaintiff's Complaint alleges negligence claims against John Doe Maintenance Company, which may have been

operating out of Pennsylvania. ECF No. 11 at 8. Additionally, as pled in Plaintiff's Complaint, all policies and procedures for carrier selection, load organization and optimization, routing, rates, lanes, and invoicing emanated from and flowed through FedEx's corporate offices in Pennsylvania. *Id.* at 9. Plaintiff argues that a judgment in the Eastern District of Pennsylvania would be enforceable in Arkansas and that transferring the case to the Western District of Arkansas could lengthen deadlines. ECF No. 11 at 10. Finally, Plaintiff argues that court congestion, public policy of the fora, and familiarity of the trial judge with applicable state law should be considered neutral. *Id.*

Weighing these arguments, the Court is swayed that the circumstances of this case warrant a transfer of venue. First, although the Third Circuit has not spoken directly on the issue of how much deference to afford a plaintiff's choice of forum when plaintiff is not at home in the forum, district courts within the Circuit have followed the rule that in such circumstances a plaintiff's choice of forum is entitled to less weight. *See In re Amkor Tech., Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 93931, *5 (E.D. Pa. 2006) (citing *First Union Nat'l Bank v. United States*, 55 F. Supp. 2d 331, 332–33 (E.D. Pa. 1999)). Second, Plaintiff's attempts to tie the facts of this case to the Eastern District of Pennsylvania are entirely speculative. Plaintiff does not assert any facts in its Complaint to suggest that John Doe Maintenance Company exists let alone operates out of the Eastern District of Pennsylvania. Additionally, even if all of FedEx's policies and procedures for carrier selection, load organization and optimization, routing, rates, lanes, and invoicing emanated from and flowed through the Eastern District of Pennsylvania, it is not clear what relationship those policies and procedures have to the causes of action Plaintiff has pled. In other words, while Plaintiff may have strategic reasons for wanting to bring this case in Pennsylvania, the Court finds no such reasons that are rooted in convenience and justice.

Meanwhile, the arguments made for transfer by Defendant FedEx, while sometimes lacking in specificity, at least pertain to convenience and justice. In particular, the Court is swayed by the fact that Plaintiff's medical records, key witnesses, and key physical evidence are likely to be more expeditiously accessed in Arkansas, and that Arkansas has the greater interest in resolving the dispute. The simple fact of the matter is that this case involves a motor vehicle accident that occurred in Arkansas and even Plaintiff's own Complaint makes more specific reference to the findings of Arkansas Highway Police and Arkansas Highway Patrol than to any evidence that might exist in Pennsylvania. ECF No. 11-1 at 12–13.

## VI.   Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is denied, Defendant FedEx's Motion to Dismiss is denied, and Defendant FedEx's Motion to Transfer is granted.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**